

**IT IS SO ORDERED.**
**Signed December 17, 2014**

*Arthur S. Weissbrodt*

**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

|  |  |
|---|---|
| In re | Case No. 13-56511-ASW |
|  | Chapter 13 |
| NATALIA ZARUBIN, |  |
| Debtor. |  |

**MEMORANDUM DECISION RE: SALE PROCEEDS**

On November 17, 2014, this Court approved the motion of Debtor, who is represented by attorney Brette Evans, to sell the real property at 895 Tulane Court, Mountain View, CA (the "Property"). Creditor Peter Miotke, Debtor's ex-spouse, who is represented by attorney David Rao, requested that a total of $15,100 be paid directly to him from Debtor's homestead exemption to pay two post-petition claims:

First, Creditor requests that $5,000 be paid over to him pursuant to an order for sanctions entered by the Family Law Court in the couple's dissolution case on June 24, 2014.

Second, Creditor requests that $10,100 be paid over to his divorce counsel, Rebekah Frye, to be held in trust pending adjudication by the Family Law Court of Creditor's reimbursement

claim for out-of-pocket housing costs pursuant to paragraph 29 of the judgment entered in the family law case on March 4, 2014.

The Court permitted the sale to close and reserved ruling on the requested disbursements pending further briefing regarding whether the Court has discretion to order the payment of the amounts requested and, if so, whether the Court should exercise that discretion. For the reasons explained below, the Court denies the requests.

Creditor cites two cases, In re Jones, 657 F.3d 921 (9th Cir. 2011) and In re Reed, 940 F.2d 1317 (9th Cir. 1991) in support of his argument that the Court may order the requested payments. In Reed, the Ninth Circuit Court of Appeals held that under California law, once a homestead exemption is allowed, the right to the exempted proceeds of sale revests in the debtor and is no longer part of the bankruptcy estate. Id. at 1321 (citing Cal. Civ. Proc. Code §§ 704.720 and 704.730). In Jones, the court held that the Franchise Tax Board was not precluded from collecting post-petition tax debt from property that had revested in the debtor upon confirmation. 657 F.3d at 928-29.

Under these cases, Creditor would not be precluded from pursuing collection of the sanctions and reimbursement claims against Debtor's exempt proceeds in some forum. However, Jones and Reed do not resolve whether this Court has the authority to order payment from Debtor's homestead exemption to satisfy a post-petition claim. This Court does have jurisdiction over the exempt proceeds, which are property of the debtor. See In re Anderson, 149 B.R. 591, 594 (9th Cir. BAP 1992) (citing 28 USC § 1334(d), which

provides that bankruptcy courts have jurisdiction over property of <u>both</u> the debtor and the estate).

However, the Supreme Court has recently held that bankruptcy courts lack authority to surcharge a debtor's homestead exemption on equitable grounds. <u>Law v. Siegel</u>, 134 S. Ct. 1188 (2014). In <u>Law</u>, the bankruptcy court had granted the chapter 7 trustee's motion to surcharge the debtor's homestead exemption to pay the trustee's attorney's fees, based on a finding that debtor had recorded a fraudulent lien against his home to shield the non-exempt equity from creditors. The Supreme Court reversed. The Court's holding was based on the principle that, although bankruptcy courts have inherent power to sanction abusive litigation practices, the bankruptcy court may not contravene specific statutory provisions in doing so. 134 S. Ct. at 1194-95. The Court observed that § 522(b) entitled the debtor to exempt $75,000 of equity in his home, and § 522(k) prohibits the payment of administrative expenses from exempt property. The Court held that the bankruptcy court violated those provisions in ordering the surcharge.

The Supreme Court emphasized that the bankruptcy court may not refuse to honor an exemption absent a valid <u>statutory</u> basis, pointing out that § 522 contains several "carefully calibrated exceptions and limitations." These include making exempt property liable for certain kinds of pre-petition debts arising from the debtor's wrongdoing (§ 522(c)); preventing debtor from claiming a homestead exemption to the extent he acquired the homestead with nonexempt property in the previous 10 years with the intent to hinder, delay, or defraud a creditor (§ 522(o)); and capping a

homestead exemption where the debtor has been convicted of a felony that shows the filing of the case was an abuse of the provisions of the Bankruptcy Code or where debtor owes a debt arising from specific wrongful acts (§ 522(q)). _Id._ at 1196. None of these exceptions is applicable here. The Supreme Court concluded that "[t]he Code's meticulous – not to say mind-numbingly detailed – enumeration of exceptions confirms that courts are not authorized to create additional exceptions." _Id._ (citation omitted).

Debtor contends, and the Court agrees, that under the principles articulated in _Law_, this Court does not have the discretion to order the requested payments to Creditor because those payments would effectively constitute a surcharge of Debtor's homestead exemption.

Debtor also points out the strong public policy in favor of homestead laws, which are designed to protect an owner in the event of a sale. _See_ _Amin v. Khazindar_, 112 Cal. App. 4th 582, 588 (2003) ("Homestead laws are designed to protect the sanctity of the family home against a loss caused by a forced sale by creditors."). Here, although the sale is a voluntary sale, the principle that the homestead exemption should be protected is still applicable. According to Debtor's declaration, she intends to use the exempt proceeds to purchase a new homestead.

The cases cited by Creditor stand for the proposition that a creditor may collect post-petition debt against exempt proceeds that have, by definition, revested in the debtor, without violating the automatic stay. However, those cases do not authorize the requested relief. Whether Creditor may subsequently pursue collection against those funds after Debtor has received them is a

different question from whether this Court may order payment directly to Creditor from Debtor's homestead exemption.

Even if the Court had discretion to do so, the Court would not grant Creditor's request. Not only does Debtor need the funds to purchase a new homestead, but Debtor states in her declaration that the sanctions order may be the subject of a motion for reconsideration, and that the amount of Creditor's reimbursement request is in dispute. As such, the amounts at issue may change. For these reasons, the Court finds that it would be inappropriate to deny the Debtor the balance of her homestead exemption as a pre-emptive measure to assist Creditor in collecting whatever amount he may ultimately be entitled to. Creditor may be able to exercise his state law remedies to collect on those amounts, but the Court will not order those amounts to be paid from Debtor's homestead exemption.

For these reasons, Creditor's requests for payment are denied. The balance of the proceeds which represent the balance of Debtor's homestead exemption may be released to the Debtor. Counsel for the Debtor may submit a proposed form of order.

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

Court Service List

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28